[No. 10568.   Department One.   August 19, 1912.]

Consolidated School District No. 105, Snohomish
County *et al.*, *Respondents*, v. Lizzie Jones, *as
Superintendent of Schools of Snohomish
County, Appellant.*[1]

Schools and School Districts—School Superintendents—
Powers—Consolidation of Districts. In the absence of statutory
authority, the county school superintendent has no power to dissolve
a consolidated school district, whether the consolidation was legal
or illegal.

Appeal from a judgment of the superior court for Sno-
homish county, Bell, J., entered July 13, 1912, granting an
injunction as prayed for upon overruling a demurrer to the
complaint.   Affirmed.

*Ralph C. Bell,* for appellant.

Chadwick, J.—On the 20th day of July, 1910, School
District No. 20 of Snohomish county, forming with other dis-
tricts Union High School District No. 103, consolidated with
School District No. 30 of the same county, which formed
with the other districts Union High School District No. 100.
The consolidated districts are known as Consolidated School
District No. 105.   The defendant, as county superintend-
ent, has threatened to dissolve the consolidated district, for
the reason that the two districts were consolidated without
warrant or authority of law, and the present action was in-
stituted by the board of directors of the consolidated dis-
trict to enjoin such threatened action on her part.   A de-
murrer to the complaint was overruled, and the defendant
electing to stand on her demurrer and refusing to plead
over, final judgment was entered, granting a permanent in-
junction as prayed.   From this judgment, the defendant has
appealed, and by stipulation the appeal is submitted to this

[1]Reported in 125 Pac. 767.

court on a transcript of the record and the appellant's brief.

The question sought to be raised by the appeal is the right of two school districts, lying in different union high school districts, to consolidate under the law permitting consolidation in certain cases, but we do not think that appellant can raise that question. The two districts have been, in fact, consolidated, and we are cited to no provision of the law authorizing the county school superintendent to dissolve a consolidated district, whether the consolidation be legal or illegal. In the absence of a statute conferring such power on the superintendent, the district can only be dissolved by an order of a court of competent jurisdiction in a *quo warranto* or other appropriate proceeding.

Without expressing any opinion on the merits of the question thus presented, the judgment must therefore be affirmed, and it is so ordered.

GOSE, PARKER, and CROW, JJ., concur.